# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ALLSTAR TIRE AND WHEEL, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-07-CV-448 (TJW) |
| | § | |
| SAVINI STYLING GROUP, INC., | § | |
| Defendant. | § | |
| | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Savini Styling Group, Inc.'s ("Savini") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (Dkt. # 9) After reviewing the parties' briefs and applicable case law, the court **DENIES** the motion in its entirety for the reasons set forth below.

**I. Introduction**

Plaintiff Allstar Tire & Wheel, Inc. ("ATW") brings this patent infringement action against Savini. Savini is a California Corporation with its principal place of business in Santa Fe Springs, California. Savini, argues that ATW has failed to establish a prima facie case that this court enjoys personal jurisdiction over it. Savini also argues that because personal jurisdiction is improper, venue is also improper. ATW urges it has met its burden of presenting a prima facie case of personal jurisdiction.

Personal jurisdiction is governed by Federal Circuit law in patent cases. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1564 (Fed.Cir.1994). "Due Process requires ... that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, the must have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International*

*Shoe, Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Requiring purposeful minimum contacts with the forum helps to ensure that non-residents have notice that a given activity may subject them to litigation within that forum. See *World-Wide Volkswagen, Corp., v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Additionally, specific jurisdiction exists if the nonresident defendant "purposefully direct[s] [its] activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (quoting *Burger King Corp. v. Rudzewick*, 471 U.S. 462, 472 (1985)).

When the court decides a motion to dismiss without holding an evidentiary hearing, the plaintiff only needs to make a prima facie showing of the facts on which jurisdiction is predicated. *Alpine View Co.*, 205 F.3d at 215. In deciding whether a prima facie case exists, the court must accept as true the plaintiff's "uncontroverted allegations, and resolve in [their] favor, all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.*

Savini has not denied that the allegedly infringing products are sold in the Eastern District of Texas. Savini only argues that ATW has failed to make a prima facie showing that personal jurisdiction is proper. ATW has pled facts supporting that this court enjoys personal jurisdiction over Savini in this case. Indeed, ATW posits that some of the largest wheel and tire manufacturers in the United States sell allegedly infringing products in the Eastern District of Texas, and it has identified their retail locations within this district.

To survive a motion to dismiss, the plaintiff does not have to prove the jurisdictional facts by a preponderance of the evidence, but need only make a prima facie showing of jurisdictional facts. *Travelers Indem. Co. V. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986). ATW

has met this burden. Eventually ATW will have to establish jurisdiction by a preponderance of the evidence. ATW will have the burden of proving this issue by a preponderance of the evidence at the trial in this case. Accordingly, the court dismisses Savini's argument that because personal jurisdiction is lacking venue is also improper.

## II. Conclusion

Based on the foregoing, the court finds that ATW has made a prima facie showing of jurisdictional facts. Savini's Motion to Dismiss, therefore, is **DENIED**.

SIGNED this 9th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE